UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ERIC J. SHIELDS,

                                    Petitioner,                    14-cv-7596 (PKC) (DF)

              -against-

                                                              ORDER ADOPTING REPORT
                                                              AND RECOMMENDATION
D. STALLONE, Superintendent, Cayuga
Correctional Facility,

                                    Respondent.
---------------------------------------------------------x

CASTEL, U.S.D.J.

                On January 14, 2015, Eric Shields, who represents himself *pro se*, filed an

amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. 10).  This Court

referred the petition to Magistrate Judge Debra Freeman to hear and report.  (Dkt. 7).  On August

16, 2016, Magistrate Judge Freeman issued a Report and Recommendation (the "R&R")

recommending that the habeas petition be denied.  (Dkt. 30).  The R&R advised the parties that

they had 14 days from the service of the R&R to file any objections with the undersigned, and

warned that failure to file such objections would result in a waiver of any right to object.  It also

directed the parties to contact the undersigned if they wished to request an extension of time to

file any objections.  More than six weeks have passed since the R&R was filed, and no

objections or requests for extensions have been submitted to the Court.  The R&R expressly

called Shield's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1).  Shields

received clear notice of the consequences of the failure to object and has waived the right to

object to the R&R or obtain further judicial review of the magistrate's decision.  See Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766

(2d Cir. 2002); see also Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).  Where clear notice of the consequences of a failure to object has been provided, the Court may adopt an unobjected-to report and recommendation without *de novo* review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Despite the waiver, I have reviewed the R&R, unguided by objections, and find it to be well-reasoned and grounded in fact and law.  There is no reason why, in the interests of justice, the waiver of the right to object should not be enforced.  See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000).  For reasons to be explained, the Court adopts the R&R in its entirety.

BACKGROUND

At the conclusion of a 2010 jury trial in the New York Supreme Court, New York County, Shields was found guilty of enterprise corruption, scheme to defraud in the first degree, grand larceny in the first and second degrees, and conspiracy in the fifth degree, and thereafter sentenced to five-and-one-half to sixteen-and-one-half years of incarceration.  (Dkt. 10-1 at 1). Shields directly appealed his conviction and sentence to the Appellate Division, First Department, which unanimously affirmed.  People v. Shields, 954 N.Y.S.2d 97 (1st Dep't 2012). Shields did not seek leave to appeal the Appellate Division's decision to the New York Court of Appeals.

Shields moved *pro se* in the New York County Supreme Court to vacate his judgment of conviction pursuant to N. Y. CRIM. PROC. § 440.10 (the "section 440 motion").[1]

---

[1] As noted in the R&R, Shields brought his motion under N. Y. CRIM. PROC. § 440.30, however, for the reasons stated in the R&R, (R&R at 8 n.3), the Court assumes Shields' motion was intended to be made pursuant to section 440.10.

(Dkt. 10-1 at 2).  The New York County Supreme Court denied Shields' first section 440 motion, (id.), and the First Department denied Shields leave to appeal that decision.  (Id.)  Before the First Department denied Shields leave to appeal, Shields sought leave to renew his section 440 motion with the addition of new evidence in the form of an affidavit from his former attorney, Michael Santangelo.  (Id. at 2-3).  The trial court denied this motion in a brief order.  (Id. at 3).  Shields sought leave to appeal the decision denying his motion to renew, (id.), but the First Department denied his request.  (Id.)  Finally, Shields filed a petition in the First Department for a writ of error *coram nobis*.  (Id.)  This petition was denied and Shields did not seek leave to appeal the denial to the Court of Appeals.  (R&R at 16, Dkt. 10-1 at 3).

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  In order to establish his entitlement to federal habeas relief, Shields must make a showing that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, see Williams v. Taylor, 529 U.S. 362, 402-13 (2000) (applying 28 U.S.C. § 2254(d)(1)), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

In his section 2254 petition, Shields contends that he was deprived of his Sixth Amendment right to the effective assistance of counsel at both the trial and appellate stage.  (Dkt. 10-1).  First, he claims his trial counsel was ineffective because counsel failed to notify him of a plea bargain purportedly offered by the prosecution, or to discuss the advisability of accepting that offer.  (Id. at 4-7).  Second, he challenges the effectiveness of appellate counsel (who had

also represented Shields at the trial level) on the basis that he failed to raise an ineffective-assistance-of-counsel claim on direct appeal based on his own failure to communicate the plea offer and adequately advise Shields.  (Id. at 8-12).

Magistrate Judge Freeman's R&R rejected each of these arguments.  The R&R explains that Shields was charged and convicted of helping to run a mortgage fraud enterprise. (R&R at 2).  At a pre-trial calendar call attended by Shields and his attorney, Michael Santangelo (who represented Shields at trial and on appeal), Justice Berkman of the New York County Supreme Court suggested that because of the state's strong case and the defendants' high sentencing exposure, continued litigation might not be in the defendants' best interest.  (Id. at 5). Instead, Shields proceeded to trial where he was ultimately convicted.  (Id. at 6).

During the sentencing hearing, Santangelo told the court that during jury deliberations, one of the Assistant District Attorneys ("ADAs") asked him why Shields had not accepted the plea deal that the prosecutors had offered providing for a sentence of a term of probation, to which Santangelo replied that he had never received such an offer from the prosecution and that if he had, he would have relayed that offer to his client, Shields.  (Id.)  At the sentencing hearing, Santangelo reiterated that he had never received an offer of a plea del providing for a sentence of probation and that he would have communicated that offer to his client had he received one.  (Id.)  The ADA then addressed the court and explained that just before Shields' trial, the prosecution had offered him a plea deal for three to nine years in prison. (Id. at 7).  Shields also spoke at his sentencing hearing and reiterated his innocence but did not mention any plea offers or claim that his attorney had failed to discuss any offers with him.  (Id.)

Shields first raised his ineffective assistance of counsel claims in his section 440 motion, (id. at 8), and challenged the effectiveness of his appellate counsel in his *coram nobis*

application which was denied, (R&R at 16).  In his section 440 motion, he specifically referenced the discussion that occurred during his sentencing hearing and claimed that his trial counsel, Santangelo, had failed to communicate the seriousness of the charges he faced along with the corresponding sentencing exposure, and that the state had apparently made multiple plea offers.  (Id. at 8-9).  The state opposed Shields' section 440 motion and while the prosecutors admitted that a deal of three-and-one-third to ten years had been offered (as opposed to the three to nine year deal that was referenced at sentencing), they denied ever offering Shields a deal for probation.  (Id. at 9-10).  The trial court denied the section 440 motion and noted that Shields did not exhibit any surprise when the various plea offers were brought up at his sentencing, nor did he claim any ignorance of those deals when he addressed the court.  (Id. at 12-13).

Magistrate Judge Freeman correctly noted that habeas relief may not be granted unless the state proceedings resulted in a conviction that "'involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  (Id. at 20 (quoting 28 U.S.C. § 2254(d))). The R&R also explained that factual determinations made by a state court are presumed correct under 28 U.S.C. § 2254(e)(1), and can only be rebutted by "clear and convincing evidence."  (Id. (quoting 28 U.S.C. § 2254(e)(1))).

The R&R reviewed governing authority concerning ineffective assistance of counsel claims based on plea negotiations.  (R&R at 29-31).  Under Strickland v. Washington, 466 U.S. 668 (1984) and Harrington v. Richter, 562 U.S. 86 (2011), a habeas petitioner bringing a claim of ineffective assistance of counsel must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result.

(R&R at 29 (citing <u>Strickland</u>, 466 U.S. at 688, 691, 694)).  In order to render objectively

reasonable assistance, an attorney must communicate the terms of any plea agreement to his

client, <u>see</u> <u>Cullen v. United States</u>, 194 F.3d 401, 404 (2d Cir. 1999), and must advise the

defendant on the likely consequences of accepting or rejecting the plea offer, including the

sentencing exposure the defendant would face if convicted at trial, <u>see</u> <u>Purdy v. United States</u>,

208 F.3d 41, 44-45 (2d Cir. 2000); <u>Carrion v. Smith</u>, 365 F. App'x 278, 282 (2d Cir. 2010).  In

order to show prejudice under the second prong of the <u>Strickland</u> test, a habeas petitioner must

show that "but for the ineffective advice of counsel there is a reasonable probability that . . . the

[petitioner] would have accepted the plea . . . , that the court would have accepted its terms," and

that the conviction or sentence would have been less severe under the terms of the plea offer than

under the sentence that was actually imposed.  <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1385 (2012).

Magistrate Judge Freeman recommended that Shields' ineffective assistance of

trial counsel be denied.  The R&R concluded that the trial court did not unreasonably apply

<u>Strickland</u> in rejecting his ineffective assistance of counsel claim either in the original section

440 motion or in his motion for leave to renew.  (R&R at 31).  Shields' amended habeas petition

suggests that Santangelo failed to notify him of an offer of probation, (Dkt. 10-1 at 6), however,

Magistrate Judge Freeman concluded that it was not clear from the record that "any prosecutor

ever offered Petitioner *probation* in exchange for a plea," and that it was not unreasonable for the

trial court to have reviewed the record and come to the same conclusion.  (R&R at 32) (emphasis

in original).  Shields also argues that he was not aware of the plea deal that prosecutors admitted

to offering for three-and-one-third to ten years, or three to nine years, in prison, and that his

attorney had failed to adequately counsel him on whether to accept that deal.  (Dkt. 10-1 at 5).

However, both the R&R and the trial court point out that Shields did not provide support for this

contention aside from his own self-serving statements, (R&R at 33 (citing State Court Record, Dkt. 21-27 to 21-31 at 296-301)), and Shields did not appear surprised when the plea offers came up at this sentencing.  (Id. (citing State Court Record, Dkt. 21-27 to 21-31 at 391)).  In addition, the record shows that Shields was present for at least one calendar call in 2010 in which Justice Berkman commented on his extensive sentencing exposure.  (Id. (citing State Court Record, Dkt. 21-27 to 21-31 at 345); Dkt. 10-1 at 10).  Therefore, the R&R concluded that it was not unreasonable for the trial court to find that Shields' claims were inadequately supported.  (R&R at 33).

The R&R also found that the state court reasonably applied the second prong of the Strickland standard.  There was no great disparity between the prosecution's offer of three-and-one-third to ten years and the five-and-one-half to sixteen-and-one-half years sentence that Shields ultimately received.  (Id. at 35).  Shields also continued to maintain his innocence which, in the words of the trial court, made his claim of prejudice "difficult to credit," and "weighed against a finding that he would have accepted a plea deal."  (Id. at 36 (citing State Court Record, Dkt. 21-27 to 21-31 at 392 n.4)).  Therefore, the R&R concluded, "[i]t was entirely appropriate for the [trial] court to have determined that Petitioner's evidence of prejudice was insufficient." (Id. at 36).

Finally, Magistrate Judge Freeman recommended that Shields' claim of ineffective assistance of appellate counsel be denied both because it is procedurally barred and because it fails on the merits.  (Id. at 43).  Because Shields did not seek leave to appeal the denial of his coram nobis application, his claim cannot be considered exhausted for the purposes of federal habeas review.  (Id. at 37 (citing Shomo v. Maher, 04 cv 4149 (KMK), 2005 WL 743156, at *3 (S.D.N.Y. Mar. 31, 2005))).  However, the R&R found that the claim should be

nevertheless "deemed exhausted," and therefore procedurally barred, because the time for

Shields to appeal the denial of the *coram nobis* application has expired.[2] (Id. at 38 (citing

Castille v. Peoples, 489 U.S. 346, 351 (1989), Gray v. Netherland, 518 U.S. 152, 162 (1996),

Castro v. Fisher, 04 cv 0346 (DLC), 2004 WL 2525876, at*8 (S.D.N.Y. Nov. 8, 2004))).  When

a claim is procedurally barred, the petitioner must show cause for the procedural default and

prejudice resulting from that default, or that failure to consider the habeas claim would result in a

fundamental miscarriage of justice, in order to overcome the procedural bar.  See Gray, 518 U.S.

at 162; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

According to the R&R, Shields has failed to demonstrate cause or prejudice.

(R&R at 40).  The R&R notes that Shields has not even alleged that any external factor

prevented him from seeking leave to appeal the denial of his *coram nobis* application to the

Court of Appeals.  (Id.)  In addition, he has not shown that had his attorney raised an ineffective

assistance of counsel claim on direct appeal, it would have had any realistic chance of success, or

that it would have been reviewable in the first place.  (Id. at 40-41).  Nor has Shields provided

any new evidence of his actual innocence such that a failure to consider his habeas petition

would result in a fundamental miscarriage of justice.  (Id. at 41-42).  Therefore, the R&R

correctly concluded that Shields' claim that his appellate counsel provided ineffective assistance

by failing to raise an ineffective assistance of trial counsel claim is procedurally barred.

---

[2] But see Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) ("While [the] statutory [time] limit may ultimately be held by state courts to preclude them from reaching the merits of Pesina's ineffective assistance claim, he must still present that claim to the highest state court. We have no authority to declare as a matter of state law that an appeal from the denial of his original Section 440.10 motion is unavailable"); Shomo, 2005 WL 743156 at * (applying Pesina).  However, in light of Coleman v. Thompson, 501 U.S. 722, 729 (1991), Bossett v. Walker, 41 F.3d 825 (2d Cir. 1994), and Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997), many district courts have declined to follow Pesina noting that "it is pointless to require a habeas petitioner to return to state court to pursue a claim that is obviously procedurally barred."  Castillo v. Hodges, 01 cv 2172 (SAS), 2004 WL 613075, at *4-5 (S.D.N.Y. 2004); Santos v. Rock, 10 cv 2896 (LTS) (AJP), 2011 WL 3449595, at *7-9 (S.D.N.Y. 2011) (collecting cases disagreeing with Pesina).  In any event, as is discussed below, even if Shields' claim is not deemed exhausted and therefore procedurally barred, his ineffective assistance claim fails on the merits.

As discussed by Magistrate Judge Freeman, even if Shields' habeas petition was not procedurally barred, his ineffective assistance of appellate counsel claim fails to meet the two pronged <u>Strickland</u> test for such claims.  (<u>Id.</u> at 42).  Shields has not shown that it was objectively unreasonable for his attorney not to raise the ineffective assistance of trial counsel claim on appeal, or that absent his attorney's actions, his appeal would have had a reasonable probability of success. (<u>Id.</u> at 42-43; <u>see also</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000) (applying <u>Strickland</u> to ineffective assistance of appellate counsel claim).  Rather, as the R&R points out, this claim would likely have been rejected on appeal, and was, in any event, based on evidence outside of the record and therefore incapable of appellate review.  (R&R at 40-41, 43). Therefore, the R&R recommended that in addition to being procedurally barred, Shields' habeas claim for ineffective assistance of appellate counsel be denied for lack of merit.

CONCLUSION

There is no reason in this case to depart from the rule that an R&R to which no objection is lodged may be adopted unless the interests of justice dictate otherwise.  This Court concludes that the R&R is well reasoned and correctly applied the governing law to the facts of Shields' case.  Therefore, the R&R is adopted in its entirety.  The Clerk is directed to enter judgment for the respondent and to close this case.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253; <u>Blackman v. Ercole</u>, 661 F.3d 161, 163-64 (2d Cir. 2011).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and <u>in forma pauperis</u> status is denied.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        October 12, 2016